UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES BERNARD HOLTS (#105333)** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 2:15-cv-4584** |
| | * | |
| **N. BURL CAIN, WARDEN,** | * | **SECTION "I" (5)** |
| **LOUISIANA STATE PENITENTIARY** | * | |

<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
HABEAS CORPUS PETITION PURSUANT TO
F.R.C.P. RULE 12(b)(6) AND 28 U.S.C. § 2244(d)(1)(A)</u>

### I.   INTRODUCTION.

This case arises from a *pro se* petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254, by petitioner James Bernard Holts. He is serving a life sentence as a habitual offender following a forcible rape conviction. See <u>Holts v. Cain</u>, 12-cv-2993 (E.D. La. 12/29/14), 2014 WL 7407488 (federal habeas corpus petition, denied and dismissed with prejudice).

Holts now seeks federal habeas review of a prior conviction from 1984. Particularly, Holts alleges that the date of his sentencing is February 6, 1984.[1] He alleges that he appealed, and his conviction was affirmed on May 6, 1988.[2] He alleges that he sought further review,

---

1   Rec. Doc. 3, pg. 1 (Form – Section 2).
2   Rec. Doc. 3, pg. 2 (Form – Section 9(d)); Rec. Doc. 3-1, pg. 2 (Form – Section 9(d)).

1

which was denied on three dates: June 28, 1991, and February 11, 1993, and May 6, 1988.[3] Holts finally alleges that he sought state post-conviction relief, but that relief was denied "in 1989 or 1990."[4]

These allegations, accepted as true, establish that the one year period of limitations for *habeas corpus* actions established by 28 U.S.C. § 2244(d)(1)(A) expired prior to the filing of the instant habeas corpus petition. Accordingly, respondent Cain is entitled to a judgment dismissing the petitioner's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II.     OVERVIEW OF THE APPLICABLE LAW.**

Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions of these rules, may be applied to a proceeding under these rules."

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of an action if the allegations made by a plaintiff establish that he is not entitled to the relief he seeks. In such a motion, the court "accept[s] all well-pleaded facts as true and view them in the light most favorable to the plaintiff" and the court "may not look beyond the pleadings in ruling on the motion." Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

The use of Rule 12(b)(6) to dismiss a habeas corpus petition as untimely has been approved by other courts:

> [W]hen the Court directed Respondent to respond to the Petition, Respondent filed an Initial Answer, a Motion to Dismiss, and a Brief, all of which asserted that the statute of limitations barred Petitioner's claims. The applicable rules permit such action. See Rule 4, Rules Governing Sect. 2254 Cases ("If the petition is not [summarily] dismissed, the judge must order the respondent to file an answer, motion, or other response...."); Rule 4, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (2004 Amends.) (observing that said rule "reflects that the response to a habeas petition may

---

3  Rec. Doc. 3, pg. 2 (Form – Section 9(g)(4)); Rec. Doc. 3-1, pg. 2 (Form – Section 9(g)(4)).

4  Rec. Doc. 3, pg. 3 (Form – Section 11(a)(8)); Rec. Doc. 3-1, pg. 3 (Form – Section 11(a)(8)).

be a motion"); Rule 5, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (2004 Amends.) (noting that "Rule 4 permits th[e] practice" of a "respondent fil[ing] a pre-answer motion to dismiss the petition"); see also Rouse v. Lee, 339 F.3d 238, 253 n. 17 (4th Cir.2003) (en banc) (recognizing propriety of consideration by courts of motion by respondent to dismiss habeas petition as untimely before receiving respondent's filing on merits of petitioner's claims). This approach makes sense because "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." Rule 4, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (1976 Adoption).

Chapman v. Herron, 2012 WL 3151007 (M.D.N.C. 8/02/12), R&R adopted, 2013 WL 14811762.

See also, e.g., Martinez v. Haynes, 2010 WL 3063660, at *2 (E.D.N.C. 8/04/10) ("Rule 12(b)(6) is the appropriate vehicle for bringing a challenge based on the one-year statute of limitations for section 2254 petitions where the pleadings establish that the petition was not timely filed."); White v. Giambruno, 2007 WL 4456306 (S.D.N.Y. 12/14/07) (granting a pre-answer motion to dismiss on statute of limitations grounds).

### III. HOLTS'S CLAIM FOR HABEAS CORPUS IS BARRED BY THE STATUTE OF LIMITATIONS.

#### A. The period of limitations commenced on April 24, 1996.

The conviction at issue became final prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The effective date of that statutory scheheme was April 24, 1996. Because Holts's conviction was final prior to the effective date of AEPDA, the one-year period of limitations created by AEPDA—28 U.S.C. § 2244(d)—began to toll on April 24, 1996. See Carey v. Saffold, 536 U.S. 214, 217 (2002) ("Because Saffold's conviction became final before AEDPA took effect, the federal limitations period began running on AEDPA's effective date, April 24, 1996. . . .").

      **B.**    **Holts alleges no facts from which the court may conclude that the one-year period of limitations was not tolled prior to its expiration on April 24, 1997.**

The period of limitations is one year. Accordingly, the period of limitations expired on April 24, 1997 unless extended by statutory or equitable tolling.

*Statutory tolling.* Under 28 U.S.C. § 2244(d)(2), the one-year period of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

According to the well-pleaded allegations of petitioner Holts, the most recent state court action taken in connection with his case occurred on <u>February 11, 1993</u>.[5]

The petitioner's present habeas corpus petition was filed <u>September 18, 2015</u>.[6]

The petitioner has not asserted that he filed an application for State post-conviction or other collateral review at any time after the denial of relief by the State courts in February 1993 and before the filing of the present federal habeas corpus petition in September 2015.

There is no basis to conclude that Petitioner Holts is entitled to statutory tolling.

*Equitable tolling.* Equitable tolling is permitted if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010), quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).

Petitioner Holts has offered no basis for concluding that either of these conditions has been met by him in this case.

      **IV.**    **CONCLUSION AND PRAYER.**

In sum, the facts alleged in Holts's petition for habeas corpus—accepted as true—

---

5  Rec. Doc. 3, pg. 3 (Form – Section 9(g)(4)).

6  Rec. Doc. 3, pg. 15.

establish that Holts's petition has not been filed within the statute of limitations set by 28 U.S.C. § 2244(d)(1). Holts has provided no reason why an alternate limitation period ought be applied, nor has he offered any argument why his noncompliance ought to be excused. This petition is untimely

For these reasons, this Court should dismiss Holts's petition with prejudice as barred by the applicable statute of limitations.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
Parish of Washington
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

> James B. Holts, #105333
> Louisiana State Penitentiary
> Angola, LA 70712
> *Petitioner, pro se*.

This 7th day of October, 2015, New Orleans, Louisiana.

/s/ Matthew Caplan
Matthew Caplan
La. Bar No. 31650
Assistant District Attorney
Parish of Washington

5