UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES BERNARD HOLTS                              CIVIL ACTION

VERSUS                                                    NO. 15-4584

BURL CAIN                                        SECTION: "I"(3)


REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

Petitioner, James Bernard Holts, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  He has a long and complicated criminal history, and, unfortunately, the state has been unable to produce a complete copy of the state court records relating to his various convictions, all of which are from the Louisiana Twenty-Second Judicial District Court.  However, based on the partial records produced, the undersigned has been able to glean the following information.

In 1983, petitioner was charged with theft and receipt of stolen things in Case Nos. 38,605 and 38,705.[1]  In 1984, he pleaded guilty to those charges, and he was sentenced to two years on the conviction for theft and three years on the conviction for receipt of stolen things.[2]

In 1986, petitioner was convicted of theft and simple burglary in Case No. 41,057.  He was then charged as an habitual offender with respect to those convictions under another docket number, Case No. 41,557.  He was thereafter found to be a second offender and was sentenced as such on the theft conviction to a term of five years imprisonment and on the simple burglary conviction to a term of ten years imprisonment.[3]

In 1998, petitioner was convicted of simple robbery in Case No. 98-CR5-72375 and sentenced to a term of seven years imprisonment.[4]  In 2002, he filed a federal *habeas corpus* application challenging that conviction.  That application was dismissed with prejudice,[5] and the United States Fifth Circuit Court of Appeals denied his request for a certificate of appealability.[6]

In 2006, petitioner was convicted of possession with intent to distribute a Schedule IV drug in Case No. 04-CR3-91209 and was sentenced to a term of six years imprisonment.[7]

In 2009, petitioner was convicted of forcible rape in Case No. 459880, was thereafter found to be a fourth offender, and was sentenced as such to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[8]  He then filed a federal *habeas corpus* application

---

[1] State Rec., p. 1.
[2] State Rec., pp. 73-78 and 140.
[3] State Rec., pp. 22-24 and 137.
[4] See State Rec., p. 14.
[5] Holts v. Miller, Civ. Action No. 02-1038 (E.D. La. Mar. 17, 2003).
[6] Holts v. Miller, No. 03-30366 (5th Cir. July 30, 2003).
[7] See State Rec., p. 14.
[8] State Rec., pp. 14 and 16-18.

challenging that conviction.  That application was dismissed with prejudice,[9] and the United States Fifth Circuit Court of Appeals dismissed the related appeal.[10]

On September 18, 2015, petitioner filed the instant federal *habeas corpus* application.[11]  In this application, he purports to challenge the validity of the 1984 and 1986 convictions which were used as predicate offenses to adjudicate him as an habitual offender with respect to his 2009 conviction.  The state has filed an answer arguing:

1.    To the extent petitioner is in fact attempting to challenge the 1984 and 1986 convictions, he may not do so because he is no longer in custody with respect to those convictions and, in any event, any such challenge would be untimely.

2.    To the extent petitioner is instead actually attempting to challenge the validity of his habitual offender adjudication with respect to his 2009 conviction, he may not do so because he has not sought and obtained the authorization necessary to file a "second or successive" petition.[12]

The state is correct in arguing that this Court may not entertain a challenge to the 1984 and 1986 convictions.  Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Normally, however, a petitioner must be "in custody" *with respect to the conviction being challenged*, and a petitioner is no longer considered to be "in custody" with respect to a conviction after the sentence imposed for that conviction has fully expired.  Maleng v. Cook, 490 U.S. 488, 492 (1989); see also Emerson

---

[9] Holts v. Cain, No. 12-2993, 2014 WL 7407488 (E.D. La. Dec. 30, 2014).
[10] Holts v. Cain, No. 15-30175 (5th Cir. Aug. 13, 2015).
[11] Rec. Doc. 3.
[12] Rec. Doc. 19.

v. Louisiana, Civ. Action No. 10-1846, 2010 WL 5375984, at *2 (E.D. La. Nov. 18, 2010), adopted, 2010 WL 5376359 (E.D. La. Dec. 14, 2010); Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *1 (E.D. La. Sept. 30, 2009); Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

Here, it is true that petitioner is in custody. However, his current incarceration is based on his 2009 conviction, not his 1984 and 1986 convictions. His sentence for those prior convictions fully expired long before he filed the instant federal application in 2015.[13] Therefore, this Court lacks jurisdiction to consider any challenge to the 1984 and 1986 convictions.[14]

Out of an abundance of caution, the Court makes an additional observation. It is true that petitioner's current incarceration for his 2009 conviction is based on that fact that he was adjudicated as an habitual offender which, in turn, was based in part on his 1984 and 1986 convictions. Under such circumstances, as the state correctly notes in its response, this *habeas corpus* petition could be construed as a petition challenging that 2009 criminal judgment. Maleng, 490 U.S. at 493-94; Silvo, 2009 WL 3151166, at *2. However, petitioner's federal application makes clear that he is directly challenging the 1984 and 1986 convictions, not his 2009 state criminal judgment. Further, in any event, it would be futile to construe the instant petition as a challenge to the 2009 criminal judgment, because the Court likewise lacks jurisdiction to entertain a challenge to that judgment for the following reasons.

As noted above, petitioner has *already* challenged the 2009 criminal judgment in a previous § 2254 petition, and that petition was dismissed with prejudice. Therefore, he may not pursue

---

[13] State Rec., p. 165.

[14] Because the Court lacks jurisdiction to entertain any such challenge, the state's alternative argument that the challenge is untimely need not be addressed.

another challenge to that criminal judgment without first obtaining authorization from the United States Fifth Circuit Court of Appeals to file a second or successive application.  See 28 U.S.C. § 2244(b).  Because he has not complied with that requirement, this Court may not entertain another challenge to that criminal judgment.  McKendall v. Rader, Civ. Action No. 13-6047, 2014 WL 37252, at *2 (E.D. La. Jan. 6, 2014); Fields v. Cain, Civ. Action No. 12-2143, 2012 WL 6674032, at *2 (E.D. La. Dec. 10, 2012), adopted, 2012 WL 6673777 (E.D. La. Dec. 20, 2012); Silvo, 2009 WL 3151166, at *2.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal *habeas corpus* petition filed by James Bernard Holts be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of January, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**